**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-02514-CMA

SABIR SHABAZZ,

      Plaintiff,

v.

BUREAU OF PRISONS,

      Defendant.

---

**ORDER AFFIRMING MAGISTRATE JUDGE NEUREITER'S ORDERS**

---

This matter is before the Court on Plaintiff Sabir Shabazz's Objections (Doc. ## 38, 43) to Magistrate Judge Neureiter's orders (Doc. ## 37, 39) denying Plaintiff's Motion for Appointment of Counsel (Doc. # 35). For the following reasons, the Court affirms both orders.

## I.     BACKGROUND

Plaintiff initiated this case on September 3, 2020, and he is *proceeding in forma pauperis.* (Doc. ## 1, 5.) Plaintiff alleges that the Bureau of Prisons ("BOP") has filed to accommodate the diet that Plaintiff must maintain according to his religious beliefs. *See generally* (Doc. # 25). Although the case has been pending for almost nine months, it is still in its initial stages. Plaintiff filed an amended complaint (Doc. # 25) on January 6, 2020, and Defendant filed a motion to dismiss (Doc. # 28) on January 21, 2020, which is currently pending.

On February 21, 2020, Plaintiff filed the instant Motion for Appointment of
Counsel. (Doc. # 35.) Magistrate Judge Neureiter denied the Motion on March 6, 2020
(Doc. # 37), and issued an amended order on March 13, 2020, which expanded on the
reasons why Plaintiff's Motion was denied (Doc. # 39). Plaintiff filed Objections to both
orders.

## II.   STANDARD OF REVIEW

When a magistrate judge issues an order on a nondispositive pretrial matter,
"[t]he district judge in the case must consider timely objections and modify or set aside
any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P.
72(a). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it
'on the entire evidence is left with the definite and firm conviction that a mistake has
been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.
1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Allen v.
Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006).

## III.   ANALYSIS

A civil litigant has no Sixth Amendment right to counsel. *Johnson v. Johnson*, 466
F.3d 1213, 1217 (10th Cir. 2006). However, the Court has discretion to appoint counsel
to an indigent party in a civil case. *Id.*; *see* 28 U.S.C. § 1915(e)(1). In determining
whether to appoint counsel, the Court "should consider a variety of factors, including the
merits of the litigant's claims, the nature of the factual issues raised in the claims, the
litigant's ability to present his claims, and the complexity of the legal issues raised by
the claims." *Williams*, 926 F.2d at 996 (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th
Cir. 1981)). The Tenth Circuit has repeatedly "stressed the necessity for the district

court 'to give careful consideration to all the circumstances.'" *Rucks*, 57 F.3d at 979

(quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). Additionally, the

Tenth Circuit has held that "[i]f the plaintiff has a colorable claim then the district court

should consider the nature of the factual issues raised in the claim and the ability of the

plaintiff to investigate crucial facts." *McCarthy*, 753 F.2d at 838.

In his Motion, Plaintiff asserted the following in support of his request to be

appointed counsel:

- "The Plaintiff has a limited knowledge of law, is indigent, and cannot afford
  representation;"

- "Plaintiff is housed in a Supermax facility which, unaided by counsel, severely
  restricts his ability to investigate crucial facts;"

- "The issues in this case are complex because Plaintiff has alleged the BOP's
  Certified Religious Diets are harmful to his health and contain additives,
  preservatives, and other unclear ingredients that are . . . questionable;"

- "The case involves conflicting interpretations of Islam's halal requirements between
  Plaintiff and the Muslims the BOP consults and contracts with;"

- "The BOP has filed two Rule 12(b)(6) motions which supports the fact Plaintiff is
  struggling to grasp his pleading requirements. Counsel would assist Plaintiff in
  effectively presenting his claims and defeating the BOP's Rule 12(b)(6) motion;"

- "This is Plaintiff's second request for counsel. He has made several independent
  attempts and has attached just three letters from attorneys who unfortunately were
  not able to represent him."

(Doc. # 35 at 2.)

Magistrate Judge Neureiter's denial of Plaintiff's Motion is neither clearly

erroneous nor contrary to law. In the Amended Order, Magistrate Judge Neureiter cited

the correct legal standard applicable to appointing counsel to a *pro se* party counsel in a

civil case. *See* (Doc. # 39 at 1) (citing *Murphy v. Colo. Dept. of Corr.*, No. 06-cv-01948-

REB-BNB, 2009 WL 2959205 (D. Colo. Sept. 10, 2009)).

In applying that standard to the facts of this case, the magistrate judge acknowledged Plaintiff's "difficulties as an incarcerated pro se plaintiff," but determined, upon review of the record, "that the issues are not so numerous or complex that Mr. Shabazz is unable to present his case adequately at this time." (*Id.*) However, Magistrate Judge Neureiter concluded that Plaintiff "is not prevented from seeking appointment of counsel later if it appears that the case is headed for trial." (*Id.*)

Notably, Magistrate Judge Neureiter's decision to deny Plaintiff's Motion without prejudice will allow Plaintiff to reassert his Motion after the motion to dismiss stage of this case, when additional factual investigation and development of the record may be necessary. Thus, the magistrate judge carefully considered the relevant circumstances, including "the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate crucial facts." *McCarthy*, 753 F.2d at 838. As a result, the Court is satisfied that Magistrate Judge Neureiter's analysis of the relevant factors is sound.

## IV.   CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's Objections (Doc. ## 38, 43) are OVERRULED. It is

FURTHER ORDERED that Magistrate Judge Neureiter's Orders Denying Appointment of Counsel (Doc. ## 37, 39) are AFFIRMED.

DATED: May 22, 2020                    BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge