**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-02514-CMA

SABIR SHABAZZ,

    Plaintiff,

v.

BUREAU OF PRISONS,

    Defendant.

---

**ORDER REJECTING RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on the Recommendation (Doc. # 53) by Magistrate Judge N. Reid Neureiter, wherein he recommends that Defendant Bureau of Prisons' ("BOP") Motion to Dismiss (Doc. # 28) should be denied. The BOP filed an Objection (Doc. # 58) to the Recommendation on July 8, 2020, and Plaintiff filed a Response (Doc. # 60) on July 23, 2020. For the following reasons, the Court rejects the Recommendation and grants the BOP's Motion.

### I.    BACKGROUND

Plaintiff is an inmate who is housed at the United States Penitentiary – Administrative Maximum ("ADX") in Florence, Colorado. He asserts that the BOP has failed to accommodate the diet that he must maintain according to his religious beliefs. *See generally* (Doc. # 25) (Amended Complaint). Specifically, Plaintiff asserts that as a

"devout Muslim," he must maintain a "halal" diet, which he defines as prohibiting "anything or any substances which are harmful or detrimental to man . . . ." (*Id.* at 2–3.)

In order to accommodate inmates who have religious dietary needs, the BOP offers two options: a Certified Religious Diet ("CRD") and a "no-flesh meal alternative." The CRD consists of meals that are approved by the Islamic Services of America. However, Plaintiff asserts that those meals do not conform to his personal interpretation of what is halal.

Plaintiff began participating in the CRD program in October 2018. He indicates that, "[t]he prepackaged meals were not halal; but [he] **chose to participate because it's the only diet [in which] he could receive fresh fruit and a less refined whole wheat bread with each meal**." (*Id.* at 4) (emphasis added). Plaintiff argues that the CRD is not halal because it contains an unhealthy amount of sodium. (*Id.* at 4–8.) He also alleges that "[t]he BOP's alternative no flesh meals . . . provide ultra processed soy patties, soy nuggets, and tofu as a protein substitute," and are therefore, "no alternatives at all." (*Id.* at 9.) Based on these allegations, Plaintiff raises claims under the Free Exercise Clause of the Constitution and under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(a) ("RFRA").

## II.   LEGAL STANDARD

### A.   REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." An objection is properly made if it is both timely and specific.

2

*United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely objection, however, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

**B.     *PRO SE* PLAINTIFF**

Plaintiff proceeds *pro se*. The Court, therefore, reviews his pleading "liberally and hold[s] [it] to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S.*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court

3

may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). Nor does *pro se* status entitle a litigant to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## C.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they

plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.     ANALYSIS

### A.     ABSENCE OF SUBSTANTIAL BURDEN ON RELIGIOUS EXERCISE

To state either a Free Exercise claim or a claim under RFRA, a plaintiff must plausibly demonstrate, *inter alia*, that there has been a "substantial burden" on his religious exercise. *Khan v. Barela*, 808 F. App'x 602, 614 (10th Cir. 2020) (quoting *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)) (Free Exercise claim); *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1138 (10th Cir. 2013) (RFRA claim). The Tenth Circuit has held that:

> [A] government act imposes a "substantial burden" on religious exercise if it: (1) "requires participation in an activity prohibited by a sincerely held religious belief," (2) "prevents participation in conduct motivated by a sincerely held religious belief," or (3) "places substantial pressure on an adherent . . . to engage in conduct contrary to a sincerely held religious belief."

5

*Hobby Lobby*, 723 F.3d at 1138 (quoting *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1315 (10th Cir. 2010)).

In the instant case, Plaintiff has not demonstrated that he is subject to a substantial burden on his religious exercise. His complaint clearly alleges that the CRD does not meet his definition of "halal." However, the facts raised in his Complaint also show that there are adequate alternatives that are available to him.

Plaintiff indicates that he "seeks a halal diet comprised of foods that are both obvious and clearly halal and contain no degree of doubt," and "**this does not require halal certification services, nor does it require halal certified meats**." (Doc. # 25 at 10) (emphasis added). He also states that foods which meet his definition of halal are "already available at USP Florence . . . ." (*Id.*) Moreover, he indicates that those foods "are routinely served on the ADX's master menus . . . ." (Doc. # 60 at 3.)

Thus, based on the allegations in his Complaint, Plaintiff's religious dietary needs are met by the BOP in that such foods are routinely served on the ADX's master menus. In fact, Plaintiff's Complaint is devoid of any suggestion that the master menu does not meet his definition of "halal." To the contrary, the only menu that does not meet Plaintiff's needs is the CRD, which he selected because "it's the only diet [that included] fresh fruit and a less refined whole wheat bread with each meal." (Doc. # 25 at 4.)

The "no flesh" menu option also appears to be a viable alternative for Plaintiff. With respect to the "no flesh" option, he merely states that the meals include "ultra processed soy patties, soy nuggets, and tofu as a protein substitute," and are therefore, "no alternatives at all." (*Id.* at 9.) However, as the BOP notes in its Objection, Plaintiff "does not . . . make any factual allegations regarding the nutritional content of the no-

flesh option, or explain how the proteins available on that diet do not conform to his version of halal." (Doc. # 58 at 4.)

In summary, Plaintiff has access to multiple alternatives that meet his personal definition of halal. Therefore, he has not demonstrated a substantial burden on his religious exercise. Rather, it is evident that he has not been "presented with a choice in which he faces considerable pressure to abandon the religious exercise at issue." *Yellowbear v. Lampert*, 741 F.3d 48, 55 (10th Cir. 2014).

### B.   DISMISSAL WITH PREJUDICE IS WARRANTED

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Khan*, 808 F. App'x at 604–05 (quoting *Kay*, 500 F.3d at 1217). In the instant case, Plaintiff has conceded that he has access to dietary options that meet **his personal definition of halal**. Consequently, any amendment would be subject to dismissal, unless Plaintiff were to impermissibly rely upon inconsistent assertions regarding his definition of halal. *See Swan Glob. Investments, LLC v. Young*, No. 18-CV-03124-CMA-NRN, 2020 WL 897654, at *4 (D. Colo. Feb. 25, 2020) ("Rule 8(d)(3)'s 'alternative pleadings rule' **does not cover inconsistent assertions of fact when the pleader holds the knowledge of which of the inconsistent facts is the true one**." (emphasis added)). As a result, dismissal with prejudice is warranted. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) ("amendment is futile if the complaint, as amended, would be subject to dismissal.").

### IV.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Magistrate Judge Neureiter's Recommendation (Doc. # 54) is REJECTED;

- The BOP's Motion to Dismiss (Doc. # 28) is GRANTED;

- Plaintiff's Amended Complaint (Doc. # 25) is DISMISSED WITH PREJUDICE for the reasons stated in this Order; and

- The Clerk of the Court is respectfully directed to terminate this case.

DATED: September 4, 2020

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge