**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-02514-CMA

SABIR SHABAZZ,

        Plaintiff,

v.

BUREAU OF PRISONS,

        Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff Sabir Shabazz's Fed. R. Civ. P. 59(e) Motion (Doc. # 65) requesting reconsideration of the Court's order dismissing the case (Doc. # 62). The Motion is granted for the following reasons.

This is a religious accommodations case. Plaintiff, Sabir Shabazz, is an inmate at the United States Penitentiary – Administrative Maximum ("ADX") in Florence, Colorado. (Doc. # 25, ¶ 3). He is also a practicing Muslim. (Doc. # 25, ¶ 8). As part of his religious practice, Shabazz observes a special diet, consuming only foods that he considers to be "Halal (lawful and good)" and avoiding foods that he considers to be "haram (prohibited)." (Doc. # 25, ¶¶ 9-10). The foods Shabazz considers to be "halal" include fresh fruits, fresh vegetables, and certain meat products; Shabazz does not expressly state what foods he considers "haram." (Doc. # 25, ¶¶ 12-13).

Shabazz now alleges that the Bureau of Prisons ("BOP") is failing to provide him with a diet that conforms to his religious beliefs. (Doc. # 25). Although BOP provides

1

ADX inmates with meal options that are certified as halal by Islamic Services of America ("ISA"), Shabazz contends that these meals contain high amounts of sodium, preservatives, and other ingredients that Shabazz considers to be unhealthy, and that the meals therefore do not meet his personal definition of "halal." (Doc. # 25, ¶¶ 17-24, 54-56). Shabazz is now suing the BOP, alleging that it is violating the Free Exercise Clause of the First Amendment and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(a) ("RFRA") by failing to consistently provide him with meals that meet his personal definition of "halal." (Doc. # 25).

The BOP moved to dismiss Shabazz's Complaint, arguing that Shabazz had failed to demonstrate that the BOP's meal options imposed a substantial burden on his religious exercise: "Plaintiff's argument appears to be that the sodium content of the prepackaged meals renders them not halal . . . [b]ut he provides no plausible, specific factual allegations that would connect that alleged flaw to a burden on his religious exercise." (Doc. # 28, pp. 3, 8). The Court agreed.[1] In its order granting the Motion to Dismiss, the Court noted that, according to Shabazz's Complaint, he already had access to the halal diet he was demanding: "foods which meet his definition of halal are 'already available at USP Florence' . . . [and] 'are routinely served on the ADX's master menus.'" (Doc. #62 (quoting Doc. # 25, p. 10 and Doc. # 60, p. 3)). Therefore, the Court concluded, Shabazz had failed to any genuine burden on his religious exercise.

Shabazz now seeks reconsideration of the Court's dismissal order. He argues that that the Court misunderstood the allegations in his Complaint, and he provides a

---

[1] The Court initially referred the Motion to Dismiss to Judge Neureiter, who recommended denying the Motion. (Doc. # 53). The Court rejected Judge Neureiter's recommendation. (Doc. # 62).

Declaration that seeks to clarify his position. (Doc. # 65-2). The Court grants the motion for reconsideration.

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Shabazz argues that the court misunderstood his factual allegations: he contends that, contrary to the Court's findings in its dismissal order, he does *not* have access to halal-compliant foods on a regular basis. Shabazz's clarifies that, by listing halal-compliant foods in his complaint that were available at ADX, he was not describing foods he has access to, but rather "was pointing to food that ADX officials have access to or can obtain to provide him a fully compliant halal diet." (Doc. # 65, p. 3). Therefore, he argues, he has pled facts which establish a substantial burden on his religious exercise, and his Complaint should survive. Based on this clarification, the Court agrees.

The Court's prior order was based on its understanding that Shabazz already had access to enough halal-compliant foods to satisfy his needs. Although that conclusion was based on a reasonable interpretation of the factual allegations in the Complaint, Shabazz has now clarified that it was incorrect. Mindful of the liberal pro se pleading standards,[2] the Court finds that this clarification is sufficient to justify reconsideration of its prior ruling. Therefore, the Court will vacate its prior order of dismissal and reopen the case.

---

[2] Though the Court may not make a pro se plaintiff's arguments for him, the Court must construe his pleadings liberally. *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991). In other words, "if the if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with the pleading requirements." *Id.*

For the foregoing reasons, Shabazz's Motion to Reconsider (Doc. # 65) is GRANTED and the Court's order of dismissal (Doc. # 62) is VACATED. Defendant's Motion to Dismiss (Doc. # 28) is DENIED. The clerk of Court is DIRECTED to vacate the Final Judgment (Doc. # 63) and reopen the case.

DATED: August 27, 2021                    BY THE COURT:


                                          _____
                                          CHRISTINE M. ARGUELLO
                                          United States District Judge